Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>EMMANUEL FUENTES ENRÍQUEZ<br><br>Peticionario | TA2026CE00510 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>FVI2019GOOO4-0005<br>FLA2019G0031-0033<br>(Salón 202)<br><br>Sobre:<br>A93/Grado de Asesinato 1er Grado Inciso A |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelario Rosa, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Comparece el señor Emmanuel Fuentes Enríquez, (señor Fuentes Enríquez) vía *certiorari* y solicita que revoque el dictamen, emitido el 25 de febrero de 2026 y notificado el 4 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina, a fin de que se ordene celebrar vista probatoria al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Por hechos ocurridos el 19 de julio de 2018, el Tribunal encontró al señor Fuentes Enríquez culpable y convicto por el Art. 93 (A) CP (2 cargos, asesinato en primer grado), de la Ley Núm. 146.2012, según enmendada, conocida como el *"Código Penal de Puerto Rico"* de 2012 (Código Penal), 33 LPRA sec. 5142, y los Arts. 5.04 y 5.15 de la Ley Núm. 404-2000, según enmendada, conocida como la *Ley de Armas de*

*Puerto Rico* (Ley de Armas), 25 LPRA secs. 458c y 458n.[1] Según la *Sentencia*, dictada el 12 de febrero de 2020, el convicto renunció al Informe Pre-Sentencia y solicitó se dictara sentencia en otra fecha dentro del término dispuesto en las Reglas de Procedimiento Criminal. Por lo anterior, el señor Fuentes Enríquez fue sentenciado a ciento cincuenta y ocho (158) años de cárcel. El 28 de febrero de 2020, el peticionario presentó el recurso de apelación KLAN202000182 ante otro panel hermano.[2] El 14 de diciembre de 2021, el Tribunal de Apelaciones confirmó la *Sentencia* apelada. Entre otras cosas, la determinación consignó que, en aquel momento, las partes estipularon la transcripción de la prueba oral (TPO).[3]

Tiempo después, el 29 de diciembre de 2025, el peticionario presentó una *Moción de Nuevo Juicio*, al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*. En resumen, planteó haber tenido representación legal inadecuada en la etapa del juicio por ser constitucionalmente inefectiva para impugnar la evidencia pericial, específicamente, el testimonio de la Examinadora de Armas de Fuego que declaró en el caso. Indicó que el testimonio no ha sido validado científicamente y que tampoco es generalmente aceptado en la comunidad científica. Explicó que el juicio se celebró por tribunal de derecho. El 20 de febrero de 2026, el Ministerio Público sometió su *Réplica a solicitud de nuevo juicio y petición de desestimación*.

El 25 de febrero de 2026, notificada el 4 de marzo de 2026, el foro primario resolvió Ha Lugar la moción del Ministerio Público.

---

[1] Para propósitos de la disposición del presente recurso, aclaramos que la Ley de Armas citada fue derogada por la Ley Núm. 168-2019. No obstante, haremos referencia al estatuto derogado puesto que los hechos acaecidos ocurrieron durante la vigencia de este.
[2] Esta Curia toma conocimiento judicial de la *Sentencia* KLAN202000182.
[3] *Id*., a la pág. 5.

Insatisfecho, el 19 de marzo de 2026, el peticionario incoó *Moción de Reconsideración*. Mediante *Orden* emitida el 24 de marzo de 2026 y notificada el 26 de marzo de 2026, el foro primario declaró No Ha Lugar el petitorio del Fuentes Enríquez.

Inconforme aún, el 24 de abril de 2026, el peticionario recurre a este Tribunal y plantea el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al desestimar y rechazar de plano la moción al amparo de la Regla de Procedimiento Criminal 192.1 sin conceder una vista evidenciaria para dilucidar sus fundamentos a pesar de que el peticionario adujo hechos que, de probarse, podrían demonstrar la validez de su reclamo. Todo ello, en violación a lo resuelto por el Tribunal Supremo de Puerto Rico en Pueblo v. Rivera Montalvo, 205 D.P.R. 352, 375 (2020).

El peticionario acompañó su solicitud con la transcripción de la prueba oral (TPO) y otros anejos. Por su parte, el 4 de mayo de 2026, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, presentó su *Solicitud de desestimación y relevo de Resolución*. En síntesis, señaló varias deficiencias al recurso incoado por el peticionario. Agregó que no había tenido la oportunidad de evaluar y estipular la TPO y solicitó que se le relevara de presentar su oposición.

Al día siguiente, el peticionario se opuso a la moción presentada por el Ministerio Público. Indicó que la TPO presentada para este recurso fue estipulada previamente por el Ministerio Público en el caso KLAN202000182 y que sirvió de base para la adjudicación de ese recurso. Adicionalmente, solicitó que se denegara la petición del Ministerio Público y que declarara el recurso debidamente perfeccionado. Prescindiendo de todo trámite ulterior, según lo autoriza la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, *In re*

*Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 13-16, 216 DPR __ (2025), resolvemos.

En lo atinente al auto de *certiorari*, es sabido que es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos de conformidad a los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Zorniak v. Cessna*, 132 DPR 170 (1992); *Lluch v. España Service Sta.,* 117 DPR 729 (1986).

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, provee uno de los mecanismos que ofrece nuestro ordenamiento para cuestionar la validez de una sentencia, aun habiendo advenido final y firme. *Pueblo v. Contreras Severino*, 185 DPR 646 (2012). En tal sentido, una moción al amparo de la Regla 192.1, *supra*, procederá cuando la sentencia dictada sea contraria a la ley o viole algún precepto constitucional, haya sido dictada sin jurisdicción, exceda la pena prescrita por ley, esté sujeta a un ataque colateral por un fundamento válido. *Pueblo v. Román Mártir*, 169 DPR 809 (2007). No obstante, la Regla 192.1, *supra*, exige que se incluyan todos los fundamentos para solicitar el remedio provisto o, de lo contrario, "se considerarán renunciados los fundamentos no incluidos en la moción". *Id*., pág. 823.

Además, nuestro más Alto Foro ha reiterado que "[l]a concesión de un nuevo juicio descansa en la sana discreción del tribunal sentenciador y que dicha determinación merece deferencia mientras no se demuestre un claro abuso de discreción". *Pueblo v. Marcano Parilla*, 168 DPR 721 (2006) (Citas omitidas).

En el caso de epígrafe, el peticionario arguye que el foro primario erró al desestimar y rechazar de plano su moción al amparo de la Regla de Procedimiento Criminal 192.1 sin conceder una vista evidenciaria. En síntesis, el peticionario impugnó la credibilidad del testimonio pericial y la falta de ataque de la defensa a la prueba pericial presentada. Asimismo, apuntó que el deber de la defensa era, "[…]como mínimo, contratar un perito para desarrollar una defensa razonable y, potencialmente, para testificar."[4]

Sin embargo, la Regla 192 de Procedimiento Criminal, *supra*, establece que el Tribunal puede conceder un nuevo juicio a un acusado solo cuando este adviniere en conocimiento de nuevos hechos o de nuevos elementos de prueba que evidencien su inocencia. *Pueblo v. Rivera*, 167 DPR 812 (2006). Por el contrario, en este caso no surgen elementos probatorios que justifiquen revisitar la Sentencia disputada, que fue igual sancionada por otro panel en la apelación KLAN202000182, presentada por el peticionario y que estuvo basada en la TPO estipulada. Por tanto, no corresponde utilizar la petición de un nuevo juicio como subterfugio para obtener una nueva oportunidad de disputar la apelación perdida. En consecuencia, resolvemos que el

---

[4] Véase, *Moción de Nuevo Juicio*, presentada por el peticionario el 29 de diciembre de 2025 ante el foro primario, a la pág. 24. El peticionario describió el caso *Hinton v. Alabama*, 571 US 263 (2014) como análogo a su caso.

foro primario no erró al denegar la moción de nuevo juicio y vista evidenciaria, ya que al hacerlo no incurrió en abuso de discreción.

Por las razones expresadas, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones